[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11973
Non-Argument Calendar

_____

D.C. Docket No. 9:07-cr-80149-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE LAHENS,
a.k.a. Pierre Peter Lahens,
a.k.a. Flex,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 10, 2020)

Before WILLIAM PRYOR, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Pierre Lahens appeals the district court's denial of his motion to reduce sentence under the First Step Act of 2018 ("First Step Act").[1]  Lahens is currently serving a 188-month sentence, imposed after he pled guilty, in 2008, to possession with intent to distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841.[2]  At the time of Lahens's conviction, that offense was punishable by a term of imprisonment of not less than 5 and not more than 40 years.  Lahens was sentenced as a career offender, pursuant to § 4B1.1 of the United States Sentencing Guidelines, and his 188-month sentence was at the low end of the applicable guideline range.  On appeal, Lahens argues that the district court abused its discretion by summarily denying his motion without providing any explanation.  We agree.

At the time of Lahens's conviction, a person convicted of a drug trafficking offense involving at least 5 grams but less than 50 grams of crack cocaine was subject to the sentencing provisions in § 841(b)(1)(B), which provided for a mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B).  An offense involving less

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[2] A stipulation of facts that accompanied the plea agreement specified that testimony at trial would have established that the substance Lahens possessed "consisted of a net weight of 15.5 grams of a mixture or substance containing cocaine base, commonly known as 'crack' cocaine."

than 5 grams of crack cocaine, on the other hand, generally carried no mandatory minimum sentence and a maximum sentence of 20 years' imprisonment. *Id.* § 841(b)(1)(C).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As relevant here, section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum under § 841(b)(1)(B) from 5 grams to 28 grams, meaning that a defendant who possessed less than 28 grams of crack cocaine would generally be subject to the more lenient sentencing provisions in § 841(b)(1)(C). *Id.* § 2(a)(1)–(2).

Section 404 of the First Step Act made these changes retroactive to prisoners convicted of a "covered offense" on or before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act authorizes—but does not require—the district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). Under the First Step Act, a "covered offense" includes a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 of the Fair Sentencing Act of 2010, that was committed prior to August 3, 2010. *Id.* § 404(a).

3

The parties here do not dispute that Lahens is statutorily eligible for a sentence reduction under the First Step Act. That is, they appear to agree that: (1) Lahens was convicted of a "covered offense"; (2) had the Fair Sentencing Act been in effect at the time of his conviction, he would have been subject to a lower statutory maximum and no mandatory minimum; and (3) because of the lower statutory maximum, he would have been subject to lower guideline range, even as a career offender.[3] The parties differ, however, on whether the district court ought to have exercised its discretion to lower Lahens's 188-month sentence. For example, the government argued in the district court that Lahens's prison disciplinary history counseled against granting him a sentence reduction. Lahens disputed he had a significant disciplinary history and also argued that the district court should consider the fact that, were he sentenced today, he would not qualify as a career offender.

The district court did not address or acknowledge any of these arguments. Indeed, it did not even explicitly agree with the parties that Lahens was statutorily eligible for a sentence reduction under the First Step Act, let alone explain why it

---

[3] Under U.S.S.G. § 4B1.1, a defendant who qualifies as a career offender is assigned a base offense level based on the statutory maximum sentence for the offense of conviction. U.S.S.G. § 4B1.1(b). For example, an offense that carries a statutory maximum of 25 years or more is assigned a base offense level of 34, while one that carries a maximum of at least 20 but less than 25 years is assigned a base offense level of 32.

4

was declining to exercise its discretion to the extent it found him to be eligible. Instead, the district court merely stated that it had read the "pertinent information" and was "duly advised in the premises."

It is a fundamental principle of appellate review that the district court provide some justification for the exercise of its decision-making authority. *Rita v. United States*, 551 U.S. 338, 356 (2007) (stating that, in the initial sentencing context, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"); *see also Gall v. United States*, 552 U.S. 38, 50 (2007) (holding that, in imposing an initial sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

Applying this principle here, we conclude the district court failed to provide sufficient explanation for its decision, and we therefore cannot conduct "meaningful appellate review." *See Gall*, 552 U.S. at 50. The district court's one-page summary order does not indicate whether it found Lahens statutorily eligible for a sentence reduction, whether it considered Lahens's prison disciplinary history in declining to exercise its discretion, or what consideration, if any, it gave to Lahens's argument regarding his career offender enhancement. We further note that, because the judge who denied the motion was not the same judge who

5

initially sentenced Lahens, the original sentencing record provides little context. *See Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1966–67 (2018).  Accordingly, we remand with instructions to the district court to provide an explanation of its decision in the first instance.

**VACATED AND REMANDED.**